■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN GRISWOLD, Appellant. [64 NYS3d 450]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered August 21, 2014. The judgment convicted defendant upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, we conclude that County Court did not err in refusing to suppress evidence obtained during the execution of a search warrant inasmuch as the

search warrant was issued with probable cause. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but[, rather, it] merely [requires] information sufficient to support a reasonable belief that an offense has been or is being committed or that the evidence of a crime may be found in a certain place" (*People v Bigelow*, 66 NY2d 417, 423 [1985]). Further, "[p]robable cause may be supplied, in whole or part, through hearsay information" (*id.*). The record establishes that the confidential informant had some basis of knowledge, and the confidential informant's reliability was established because his statement to the police was corroborated by independently verified details about the shooting that precipitated the search warrant (*see People v DiFalco*, 80 NY2d 693, 696-697 [1993]; *People v Elwell*, 50 NY2d 231, 237 [1980]).

Contrary to defendant's further contention, the bargained-for sentence is not unduly harsh or severe. Present—Smith, J.P., Carni, Curran and Winslow, JJ.